UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Minnesota Laborers Health and Welfare Fund, Minnesota Laborers Pension Fund, Minnesota Laborers Vacation Fund, Construction Laborers' Education and Training Fund of Minnesota and North Dakota, Minnesota Laborers Employers Cooperation and Education Trust,

Plaintiffs,

vs. REPORT AND RECOMMENDATION

R.B.X., Inc.,

Defendant. Civ. No. 00-2596 (JMR/RLE)

* * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 19th day of March, 2001.

* * *

The above-entitled matter came before the undersigned United States Magistrate Judge upon routine supervision of cases filed in this Division, and upon an assignment made in accordance with Title 28 U.S.C. §636(b)(1)(A).

The Complaint in this matter was filed on November 28, 2000, in the United States District Court for the District of Minnesota and, on December 6, 2000, an Affidavit of Service was filed with the Court, which attests that the Defendant had been served,

FILED MAR 20 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

5

pursuant to Rule 4, Federal Rules of Civil Procedure, with the Summons and Complaint in this matter, on November 30, 2000. In the ensuing weeks, the Defendant did not file an Answer to the Plaintiffs' Complaint or otherwise responsively plead, nor did it seek to have the Complaint dismissed, pursuant to Rule 12(b), Federal Rules of Civil Procedure.

Subsequently, because our review of the file demonstrated that, despite proper service, the Defendant had not responded to the Plaintiffs' allegations, whether by means of an Answer, by some other responsive pleading, or by a Rule 12(b) Motion to dismiss, on January 20, 2001, the Court issued its Order which directed counsel for the Plaintiffs to proceed as follows:

> 1. Notify the Defendant immediately that it is required to serve and file its Answer of some other responsive pleading, or to move for an extension of time to do so, and that an application for entry of default is required within 10 days of such notification if no response is filed;
>
> 2. File an application for entry of default unless the required pleading is filed within 10 days of the referenced notification; or
>
> 3. Advise the Court in writing of any good cause to the contrary.

Counsel was further admonished that the failure to comply with these directives, within 20 days of the date of the Order -- that

is, by February 19, 2001 -- could result in the case being dismissed for lack of prosecution.[1]

However, notwithstanding its clear directives, counsel for the Plaintiffs has failed to abide by the terms of our Order of January 30, 2001. The Record lacks any indication that the Plaintiffs have advised the Defendant of its need to file appropriate documentation which complies with the terms of our Order; no such documentation has been filed by the Defendant; no resulting application for entry of default has been filed by the Plaintiffs; and the Court has not been advised of any extraordinary circumstances which would render compliance with the Court's Order either impracticable or otherwise unnecessary.

Consequently, because of the Plaintiffs' failure to adhere to the directives contained within our January 30, 2001 Order, we are bound to recommend the dismissal of the Plaintiffs' Complaint at this time, for lack of prosecution.

WHEREFORE, It is --

---

[1]The Plaintiffs requested, and were granted, an extension of time -- to February 21, 2001 -- to file a Motion for Default Judgment.

RECOMMENDED:

That the Plaintiffs' Complaint be dismissed, without prejudice, both for failure to comply with the terms of our Order of January 30, 2001, and for lack of prosecution.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than March 15, 2001**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than March 15, 2001**, unless all interested parties stipulate

that the District Court is not required by Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.